IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV427-1-MU

| | |
|---|---|
| CAROL NASH STURDIVANT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICK JACKSON, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for Writ of Habeas Corpus, filed October 11, 2006.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

The form on which Petitioner filed his federal habeas petition requires him to provide the Court with information regarding any appeals or collateral state court proceedings that he has pursued so as to establish whether or not he has exhausted his state court remedies. Petitioner indicates on this form that he directly appealed his case to the North Carolina Court of Appeals. He further affirmatively indicates that he did not file a petition with the North Carolina Supreme Court to review the denial of his direct appeal.[1] Petitioner thus did not fully exhaust his state court remedies through the direct appeal process.[2] Petitioner also specifically indicates on his petition form that he did not file any state post-conviction proceedings. The Court therefore concludes, based upon the evidence provided to the Court by Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

Petitioner is advised, however, that if the information he provided in his federal habeas form is incorrect and he did in fact exhaust his state court remedies prior to filing his federal habeas petition, he may file a motion to reconsider containing the information necessary to establish that he had exhausted his state court remedies prior to filing the instant federal habeas petition.

In closing, the Court notes that Petitioner has not paid the five dollar filing fee required for federal habeas petitions. Petitioner did submit a declaration of indigency but has not filed a certified copy of his trust fund account statement as required by 28 U.S.C. § 1915(2). As such,

---

[1] A Westlaw search supports Petitioner's assertion that he did not seek further review of the denial of his direct appeal by the North Carolina Court of Appeals.

[2] Petitioner indicates with regard to one of his ineffective assistance of counsel claims that he has a petition for plain error review pending in the North Carolina Supreme Court. It does not appear that such filing would satisfy the exhaustion requirement and at a minimum such a filing does not satisfy the exhaustion requirement because it is still pending.

Petitioner has not provided the Court with sufficient information to determine if he qualifies for forma pauperis status.  Consequently, the Court cautions Petitioner that if he were to file a motion to reconsider he must either pay the five dollar fee or submit an in forma pauperis motion with a certified copy of his trust fund account statement.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: October 16, 2006

Graham C. Mullen
United States District Judge